**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| JOYCE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00059-NCC |
| | ) | |
| HERITAGE HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Joyce Robinson's motion to proceed in forma pauperis (ECF No. 2), motion for appointment of counsel (ECF No. 3), and on initial review of her complaint (ECF No. 1) under 28 U.S.C. § 1915. For the reasons discussed below, the Court will grant the motion to proceed in forma pauperis but will dismiss this action under 28 U.S.C. § 1915(e)(2). The Court will deny the motion for appointment of counsel as moot.

**The Complaint**

Plaintiff Joyce Robinson—a 70-year-old African American woman—brings this action against her employer, Heritage Hall, and its director, Cindy Yadav. (ECF No. 1). She asserts claims under Title VII of the Civil Rights Act for disparate treatment, retaliation, and harassment based on race. *Id*. at 4.

According to the complaint, Robinson has worked for Heritage Hall as a cook and aid since October 2022. *Id*. at 5. The alleged discriminatory treatment began when she was assigned to work with a colleague named Seth, the son of her former manager. *Id*. Robinson contends that she often had to complete additional work due to Seth's failure to perform his job duties. *Id*. at 5-6. She

states that she brought these concerns to her manager and Director Yadav but that they took no corrective action. *Id.*

The primary events underlying this action occurred in early March 2024. *Id.* at 6. Robinson states that on or around March 3, 2024, Seth falsely accused her of making an obscene gesture toward a charge nurse. *Id.* After two days off, Robinson returned to Heritage on March 6, 2024, and found Seth speaking with their manager, Tim. *Id.* When she complained of Seth's work ethic, Tim instructed her to "go do the work" or face disciplinary action. *Id.* This led to a verbal altercation during which Robinson admits she "snapped" and used profanity. *Id.*

The next day, Robinson states that she was summoned to the office regarding the alleged obscene gesture. *Id.* She later approached Yadav to inquire why staff members were harassing her. *Id.* at 6-7. Yadav responded that both the nurse and Tim had reported the incident. *Id.* at 7. On March 8, 2024, Robinson again spoke with Yadav to challenge the resulting write-up, asserting that it was based solely on hearsay and did not account for her side of the story. *Id.* at 7. She alleges that Yadav apologized and promised to dispose of the write-up. *Id.* at 8.

Robinson states that she is one of only three African American employees in the facility and attributes the defendants' actions to racial animus. *Id.* at 6-8. She states that the harassment is ongoing and that she is uncomfortable at work and feels "very racially profiled." *Id.* at 8.

Robinson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in March 2024 and received a right-to-sue letter on July 14, 2024. (ECF Nos. 1, 1-1). She has attached the right-to-sue letter to her complaint but has not included a copy of the EEOC charge. (ECF No. 1-1). She seeks compensation for pain and suffering. (ECF No. 1 at 9).

**Standard of Review**

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding "in forma pauperis" or "IFP." *See* 28 U.S.C. §1915(a). While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the Court must interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id*. at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

3

**Discussion**

**I.       The Complaint**

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The Act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018) (cleaned up). The Eighth Circuit Court of Appeals has consistently held that Title VII imposes liability on employers, not individual employees. *See, e.g., Bales v. Wal-Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). To establish a Title VII discrimination claim, a plaintiff must show either direct evidence of discrimination or sufficient evidence to create an inference of discrimination under the *McDonnell Douglas* burden-shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016) (cleaned up). Because the prima facie model is not a pleading standard, a plaintiff need not set forth a detailed evidentiary proffer in a Title VII complaint. *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021) (cleaned up).

Robinson makes claims of retaliation, harassment, and disparate treatment. To succeed on a claim of harassment and disparate treatment under Title VII, a plaintiff must establish, among other things, that their membership in a protected class was a motivating factor in the defendant's conduct. *See, e.g., DePriest v. Milligan*, 823 F.3d 1179, 1186 (8th Cir. 2016) (citation omitted) (addressing disparate treatment); *Warmington*, 998 F.3d at 799 (addressing harassment). To succeed on a retaliation claim, a plaintiff must show: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection between the

protected activity and the adverse action. *Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 1010 (2024).

Robinson, as an African American, is a member of a protected class. *See Davis v. KARK-TV, Inc.*, 421 F.3d 699, 704 (8th Cir. 2005). However, she makes no factual allegations that allow the Court to infer that defendants' conduct was racially motivated. Put another way, Robinson has not established a nexus between defendants' actions and her membership in a protected class. She states only that she is one of three African American employees in the facility. While Robinson need not plead a prima facie case of discrimination, her allegations must arise above a speculative level. Because they do not, the Court finds that her complaint fails to state a plausible claim of harassment or disparate treatment under Title VII.

Robinson also fails to state a plausible claim of retaliation under Title VII. She does not allege that defendants retaliated against her for reporting harassment or discrimination in the workplace. *See Warren*, 79 F.4th at 973. Even accepting the allegations in the complaint as true, the Court cannot infer based on these allegations that Robinson engaged in a protected activity or that there is a causal connection between the protected activity and the alleged adverse action. *See id*. For these reasons, the Court will dismiss this action without prejudice.

## II.    Motion to Proceed in Forma Pauperis

Robinson has filed a motion to proceed in forma pauperis. (ECF No. 2). Congress has mandated that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis (IFP).

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Having reviewed the motion and supporting financial information, the Court finds that Robinson is unable to pay the costs associated with this action. The Court will therefore grant the motion and waive the filing fee.

### Conclusion

For the foregoing reasons, the Court will grant Robinson's motion to proceed in forma pauperis but will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. The Court will deny the motion for appointment of counsel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Robinson's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Robinson's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of January, 2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6